**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Case No. 05-436 (CKK)** |
| ) | |
| **ISIAH HOLLAND,** ) | |
|         **Defendant.** ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

      Mr. Holland, by his attorney, Michelle Peterson, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of <u>United States v. Booker</u>, Mr. Holland respectfully requests that the Court sentence Mr. Holland to a period of incarceration of no more than 24 months. In support of this request, counsel states:

      1. Mr. Holland appears before the Court after having pled guilty to a one count information charging him with possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §922(g).

      2. Mr. Holland has prior juvenile convictions, as noted in the PSR. As a result of those convictions, Mr. Holland spent a significant period of time in group homes. He also has a few prior convictions as an adult, most significantly a prior CPWL offense when he was 19 years old.

      3. Mr. Holland has completed a drug treatment program and has taken a life skills program. He would like the opportunity to obtain vocational training in anticipation of returning to the community with higher skills. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of <u>United States v. Booker</u>, Mr. Holland urges the Court to impose a sentence of not more than 24 months.

**DISCUSSION**

**I.     SENTENCING FRAMEWORK POST BOOKER**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, __ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Among the matters that §3553(a) requires the sentencing judge to consider are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and

2

>  vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular following Booker, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is

reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

### Advisory Guideline Range

Mr. Holland does not dispute the Probation Officer's calculation of his offense level. Mr. Holland has not seen a copy of the certified conviction in the Prince George's alleged conviction. As such, we object to its inclusion in the criminal history calculation.

Immediately upon his arrest, Mr. Holland admitted his wrongdoing and sought to accept responsibility. To that end, he immediately agreed to plea to an information, waiving indictment. Mr. Holland's case would have been a perfect case for downward departure under U.S.S.G. §5K3.1. Under that section, the sentencing court is permitted to downward depart up to 4 levels if the United States Attorney's office in the defendant's district has an early disposition program and the government makes the appropriate motion. The United States Attorney's office in this district had such a program as recently as two years ago but no longer has such a program. The merits of this policy statement are readily apparent. Early dispositions conserve scarce prosecutorial and judicial resources. As this Court is fully aware, there are an overwhelming number of possessory gun cases prosecuted in this district. Most of the cases involve facts strikingly similar to Mr. Hollands. Many of these cases clog the courts' calendars while the parties attempt to "hammer out" an agreement resulting, almost always, in the defendant simply pleading to the indictment several months later. §5K3.1 implements the Sentencing Commissions' desire that defendant who agree to plead early on in the proceedings receive additional dispensation.

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts

should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

1. Nature of the Offense

While the possession of a weapon after having previously been convicted of a felony offense cannot be classified as a non-serious offense, it has not been classified as a crime of violence under either the guidelines or the United States Code.  Moreover, there is no evidence that Mr. Holland ever brandished the weapon.

18 U.S.C. §922(g) provides for a sentence of up to 10 years in prison. Individuals convicted pursuant to the statute, however,  may also receive probationary sentences.  Similarly, the applicable advisory sentencing guideline envisions that some defendants convicted under the statute will be eligible for a probationary sentence. See U.S.S.G. 2K2.1(b)(2).   Therefore, while the nature of the offense is indeed serious, both the Code and the Guidelines envision that some individuals receive probationary sentences.

As noted above, Mr Holland does have a criminal history. However, that criminal history has already increased his range under the guidelines significantly. Mr. Holland has been significantly prejudiced because this district no longer has an Early Disposition Program. At the earliest possible moment, Mr. Holland informed the government of his desire to plead guilty. Had he incurred his charge twelve months earlier, when this district had an Early Disposition Program, or incurred his charge in a district where an Early Disposition Program is in place, there is a very strong possibility that by announcing his intention to plead guilty to the charges so early in the proceedings Mr. Holland would have received the benefit of U.S.S.G. §5K3.1. This is precisely the type of sentencing disparity that 18 U.S.C. §3553(a) seeks to avoid. We submit that a sentence of no more than 24 months will meet the needs of the public in this case.

> Respectfully submitted,
>
> A.J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> /s/
> Michelle Peterson
> Assistant Federal Public Defender
> 625 Indiana Avenue, N.W., Suite 550
> Washington, DC  20004
> (202) 208-7500