# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

ISIAH HOLLAND.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR-05-436

Michelle Peterson
Defendant's Attorney

**FILED**

APR 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 on January 4, 2006.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. 922(g)(1) and 924(a)(2) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year | September 26, 2005 | 1 |

As pronounced on April 21, 2006, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the ___24th___ day of ___April___, 2006.

United States District Judge Colleen Kollar-Kotelly

Defendant's Soc. Sec. No.: XXX-XX-4426
Defendant's Date of Birth: XX-XX-1981
Defendant's USM No.: 03631-007
Defendant's Residence and Mailing Address:

(N)

Defendant: ISIAH HOLLAND                                              Judgment - Page 2 of 4
Case Number: CR-05-436

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Forty Six (46) months on Count 1.

The Court makes the following recommendations to the Bureau of Prisons:

**1.      That defendant be placed at a facility with vocational training.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.


_____
United States Marshal

By: _____
        Deputy Marshal

Defendant: ISIAH HOLLAND                                                                    Judgment - Page 3 of 4
Case Number: CR-05-436

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Two (2) years for Count 1.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.     The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1.     You will not leave the judicial district without permission of the Court or probation officer.
2.     You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3.     You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4.     You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5.     You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.     You will notify the probation officer at least ten days prior to any change of residence or employment.
7.     You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8.     You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9.     You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10.    You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11.    You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12.    As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13.    You will not possess a firearm, destructive device, or other dangerous weapon.

# ADDITIONAL CONDITIONS:

1.     The defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office, pursuant to 42 U.S.C. section 14135a, for all felony offenses.

2.     The defendant shall participate in an educational/vocational skills training program, as approved and directed by the Probation Office.

3.     The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

4.     The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

Defendant: ISIAH HOLLAND                                                    Judgment - Page 4 of 4
Case Number: CR-05-436

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

## ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100 for Count 1, which shall be due immediately or as part of UNICOR program funds or while on supervised release. The defendant shall pay the special assessment fee to the Clerk of the Court for the U.S. District Court, District of Columbia.

**THE COURT FINDS that the defendant does not have the financial ability to pay a fine and, therefore, waives imposition of a fine in this case.**

**The defendant shall notify the Clerk of the Court for the U.S. District Court, District of Columbia, within 30 days of any change of address, until such time as the financial obligation is paid in full.**

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.